ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV**

| | | |
|---|---|---|
| **ANNETTE PEREDO ORUÑA**<br>DEMANDANTE(S)-PETICIONARIA(S)<br><br>v.<br><br>**EILEEN CARRIÓN REXACH, IVONNE MARIE PEREDO ORUÑA Y ALEXANDRA MARIE PEREDO CARRIÓN-REXACH**<br>DEMANDADA(S)-RECURRIDA(S) | **KLCE202400923** | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN**<br><br>Caso Núm.<br>**SJ2022CV08603** (807)<br><br>Sobre:<br>División o Liquidación de Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 11 de septiembre de 2024.

Comparece ante este Tribunal de Apelaciones, la señora **ANNETTE PEREDO ORUÑA** (señora **PEREDO ORUÑA**) mediante una *Petición de Certiorari* instada el 23 de agosto de 2024. En su recurso, nos solicita que revisemos la *Segunda Orden Enmendada en Reconsideración* decretada el 24 de julio de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[1] Por medio de la referida decisión, se enmendó la *Orden* pronunciada el 10 de julio de 2024 para incluir a la señora **PEREDO ORUÑA** como persona autorizada y puntualizar los parámetros de la confidencialidad, así como se declaró sin lugar la solicitud de reconsideración.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 24 de julio de 2024. Apéndice de la *Petición de Certiorari*, págs.71- 72.

Número Identificador:
RES2024_____

**- I -**

El 2 de octubre de 2022, la señora **PEREDO ORUÑA** incoó una *Demanda* sobre división o liquidación de comunidad de bienes hereditarios del causante MANUEL OSVALDO PEREDO LARA (DON MANUEL), quien en vida fuese su progenitor.[2] Alegó, entre otras cosas, que el 7 de septiembre de 2022, se prescribió *Resolución* declarando como únicos y universales herederos de DON MANUEL a sus hijas **ANNETTE PEREDO ORUÑA**; **IVONNE MARIE PEREDO ORUÑA** (señora **IVONNE PEREDO ORUÑA**); **ALEXANDRA MARIE PEREDO CARRIÓN-REXACH** (señora **PEREDO CARRIÓN-REXACH**) y a su viuda **EILEEN CARRIÓN REXACH** (señora **CARRIÓN REXACH**).[3] Así como, que el caudal hereditario a liquidarse se compone del 50% de los bienes de la extinta sociedad de bienes gananciales, compuesto por DON MANUEL y la señora **CARRIÓN REXACH**.

El 30 de noviembre de 2022, la señora **PEREDO ORUÑA** presentó *Escrito al Expediente Judicial Anejando las Notificaciones de Demanda y Solicitudes de Renuncia al Emplazamiento de 2 de las Codemandadas*.[4]

Luego de varios trámites procesales, el 9 de enero de 2023, la señora **CARRIÓN REXACH** presentó su *Contestación a Demanda* conteniendo sus defensas afirmativas.[5] Adujo, además, que existe un testamento ológrafo que fue adverado en el caso *SJ2022CV06918* y haberse preparado un inventario preliminar incluyendo los activos y pasivos.

El 21 de febrero de 2023, la señora **PEREDO CARRIÓN-REXACH** presentó su *Contestación a Demanda* circunscribiendo también sus defensas afirmativas.[6] Razonó, además que en el caso *SJ2022CV06918*, en efecto, fue adverado un testamento ológrafo. A los pocos días, el 23 de febrero de 2023,

---

[2] Apéndice de la *Petición de Certiorari*, págs. 1- 4.
[3] *Íd.*, pág. 5.
[4] El 9 de noviembre de 2022, la señora **IVONNE PEREDO-ORUÑA** renunció al diligenciamiento del emplazamiento. Del mismo modo, el 10 de noviembre de 2022, las señoras **EILEEN CARRIÓN REXACH** y **ALEXANDRA PEREDO-REXACH** renunciaron. Apéndice de la *Petición de Certiorari*, págs. 6- 11.
[5] *Íd.*, págs. 12- 15.
[6] *Íd.*, págs. 20- 22.

ante la incomparecencia de la señora **IVONNE PEREDO ORUÑA**, se le anotó la rebeldía.[7]

Así las cosas, la señora **PEREDO ORUÑA** cursó descubrimiento de prueba. El 25 de junio de 2024, la señora **CARRIÓN REXACH** presentó *Solicitud de Orden* con el propósito de que se enunciaran órdenes dirigidas al Departamento de Hacienda y Banco Popular de Puerto Rico (BPPR).[8] El 26 de junio de 2024, se dictó *Orden al Banco Popular de Puerto Rico.*[9]

Más tarde, el 1 de julio de 2024, la señora **PEREDO ORUÑA** presentó *Moción en Solicitud de Orden* y ante una alegada controversia sobre las cuentas que posee o ha poseído la señora **CARRIÓN REXACH**, requirió que se emitiera dictamen dirigido al BPPR para que certificara todas y cada una de las cuentas que tenga a su nombre o hayan estado a su nombre y/o asociadas al número de seguro social de la señora **CARRIÓN REXACH**.[10] Además, que se certificara si ciertas cuentas identificadas están o han estado a su nombre y/o bajo su seguro social. Seguidamente, en horas de la tarde, la señora **CARRIÓN REXACH** presentó *Oposición a Moción en Solicitud de Orden* en la cual reclamó que la señora **PEREDO ORUÑA** explicara como obtuvo información de las cuentas enumeradas en su petitorio.[11] De inmediato, la señora **PEREDO ORUÑA** presentó *Réplica de Oposición a Moción en Solicitud de Orden;* y el foro de instancia dictaminó *Orden* concediendo un término perentorio de quince (15) días para tramitar con el BPPR una certificación que divulgue todos los números de cuenta asociados con el número de seguro social de la señora **CARRIÓN REXACH**.[12]

El 10 de julio de 2024, la señora **PEREDO ORUÑA** presentó una *Solicitud de Reconsideración* peticionando que se expidiera la orden que acompañaba su escrito.[13] Ese día, el tribunal *a quo* formuló la *Orden Enmendada en*

---

[7] Apéndice de la *Petición de Certiorari*, pág. 27.
[8] *Íd.*, págs. 28- 31.
[9] *Íd.*, págs. 32 y 34.
[10] *Íd.*, págs. 39- 41.
[11] *Íd.*, págs. 42- 43.
[12] *Íd.*, págs. 44- 45 y 46- 47.
[13] *Íd.*, págs. 48- 51.

*Reconsideración* para incluir los aliases y limitar el periodo relevante.[14] Después, el 17 de julio de 2024, la señora **PEREDO ORUÑA** presentó *Solicitud de Reconsideración sobre Limitación de Divulgación de Contenido de Certificación*.[15] Argumentó, entre otras cosas, que la imposición de restricción sobre el contenido de la certificación incide directamente sobre el deber como abogados y el derecho al debido proceso de ley. Entretanto, el 19 de julio de 2024, la señora **CARRIÓN REXACH** presentó una *Oposición a Moción de Reconsideración*.[16] Mostró su interés en que la información de sus cuentas bancarias no fuese compartida con terceros y sea utilizada exclusivamente para este proceso judicial. El 24 de julio de 2024, se determinó la *Orden* impugnada.[17]

En desacuerdo, el 23 de agosto de 2024, la señora **PEREDO ORUÑA** acudió ante este foro intermedio señalando el(los) siguiente(s) error(es):

> Erró y/o abusó de su discreción el Tribunal de Primera Instancia (TPI) al imponer restricciones y criterios de confidencialidad tan rigurosos que impiden a la parte corroborar la prueba, levantar defensas adecuadas, presentar nueva evidencia, y que, además, constituyen una violación al debido proceso de ley, lo que representa un abuso de discreción y un fracaso en la administración de justicia.
>
> Erró y/o abusó de su discreción el Tribunal de Primera Instancia (TPI) al rehusarse a emitir una orden directa al banco para obtener la certificación de las cuentas, luego de haber hecho los esfuerzos necesarios para obtener esta información sin éxito, a través de la parte recurrida, abusando así de su discreción y resultando en un tratamiento desigual.

El 29 de agosto de 2024, pronunciamos *Resolución* en la cual, entre otras cosas, concedimos un término de diez (10) días para *mostrar causa* por la cual no debamos expedir el auto de *certiorari* y revocar el dictamen objetado. El 9 de septiembre de 2024, la señora **CARRIÓN REXACH** presentó su *Oposición a Certiorari*. Argumentó que estuvo comprometida con la obtención de la certificación concerniente a todas las cuentas que poseía en el BPPR. Empero, deseaba que el trámite se efectuara bajo los parámetros de

---

[14] Apéndice de la *Petición de Certiorari*, págs. 52- 54.
[15] *Íd.*, págs. 55- 59.
[16] *Íd.*, págs. 61- 70.
[17] *Íd.*, págs. 71- 73.

la más estricta confidencialidad por ser información privada y de carácter sensible.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[18] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[19]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[20] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[21]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[22] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[23] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

---

[18] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[19] *Íd.*
[20] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[21] *Íd.*
[22] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[23] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público; o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[24]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones (Reglamento).[25]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[26] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[27]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el

---

[24] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[25] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra.*
[26] *Íd.*
[27] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

ejercicio de nuestra jurisdicción.[28] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[29] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[30]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[31] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[32]

- III -

La señora **PEREDO ORUÑA** punteó que el foro *a quo* erró al imponerle restricciones y criterios de confidencialidad tan rigurosos que impiden que pueda corroborar la prueba; levantar defensas afirmativas; presentar nueva evidencia; y constituyen una violación al debido proceso de ley, así como al rehusarse a emitir una orden directa al banco para obtener certificación de las cuentas.

Por su parte, la señora **CARRIÓN REXACH** en su *Oposición a Certiorari* manifestó, entre otras cosas, que había solicitado que se firmara un acuerdo de confidencialidad para salvaguardar sus derechos de información y privacidad; y la señora **PEREDO ORUÑA** se negó**.**

---

[28] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[29] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[30] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc.*, *supra*.
[31] *García v. Asociación*, 165 DPR 311, 322 (2005).
[32] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Ahora bien, habida cuenta de que el caso ante nuestra consideración se trata de un *Certiorari*, este Tribunal de Apelaciones debe determinar, como cuestión de umbral, si procede su expedición. Tal y como hemos expuesto, un tribunal revisor intermedio no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, o actuó con prejuicio o parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención en esa etapa evitará un perjuicio sustancial.

Justipreciados los criterios establecidos en la Regla 52.1 de las de Procedimiento Civil de 2009, *supra*, consideramos que la etapa del procedimiento en que se presenta este recurso de *Certiorari* no es la más propicia para nuestra intervención. La señora PEREDO ORUÑA tampoco ha demostrado que el foro *a quo* actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. En conclusión, nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Además, nada nos movió para inmiscuirnos en el manejo del caso y en la discreción del(de la) juez quien maneja el caso. De igual modo, no observamos ningún fundamento que constituiría un fracaso a la justicia.

- IV -

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de la *Petición de Certiorari* interpuesto el 23 de agosto de 2024 por la señora PEREDO ORUÑA, ello en conformidad con la Regla 52.1 de las de Procedimiento Civil de 2009, *supra*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones